UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

IN RE:
CHARLES MAJEWSKI                                   Chapter 7

          Debtor                                Case No. 05-24959

---

CHARLES MAJEWSKI            )
                              )
      Movant          )
                              )
v.                          )
                              )
CONNECTICUT NATURAL GAS     )
                              )
      Respondent      )

---

**APPEARANCES:**

Mitchell A. Cohen, Esq.
Law Offices of Mitchell A. Cohen, 43 Woodland Street, Suite 500, Hartford, CT 06105
Counsel for Movant - Debtor

Walter J. Onacewicz Esq.
Nair & Levin, P.C., 707 Bloomfield Avenue, Bloomfield, CT 06002
Counsel for Respondent Connecticut Natural Gas

---

**RULING ON DEBTOR'S MOTION TO AVOID JUDICIAL LIEN**

KRECHEVSKY, U.S.B.J.

I.

**ISSUE**

This proceeding involves the question of the extent to which a natural person may utilize the Connecticut homestead exemption statute when he owns a one-half interest in a three-family residence, resides in one of the units, and rents out the other two floors. The court held a brief hearing on December 27, 2006, after which the two

parties filed memoranda of law in support of their positions.

## II.

## BACKGROUND

Charles Majewski ("the debtor") filed a Chapter 7 bankruptcy petition on October 15, 2005 and received a discharge on February 13, 2006. The debtor, on February 3, 2006, filed a motion ("the motion"), pursuant to Bankruptcy Code §522(f), to avoid, as impairing his homestead exemption, the judicial lien of Connecticut Natural Gas ("CNG") on the debtor's one-half interest in a three-family residential property ("the property") located at 233 South Whitney Street, Hartford, Connecticut. CNG filed an objection to the motion, arguing that the debtor's homestead exemption should be limited to one-third of his one-half interest in the property because he actually resides in only one of the three units. The debtor denies his exemption right should be so limited.

While the parties differ in their interpretation of the Connecticut homestead statute as it applies to a multi-family property, they do not dispute the following facts pertinent to the motion. The debtor and his mother each own a one-half interest in the property. Prior to and as of the petition date, the debtor resided in one of the three units. The other two units, also residential, were intended for rental. The property had a value of $215,000 as of the petition date, and was subject to the following prepetition encumbrances, all recorded on the Hartford Land Records in the stated sequence.

1.  A first mortgage to the Bank of America, having a balance of $108,622.90;
2.  A second mortgage to the Bank of America, having a balance of $26,749.21;
3.  A statutory water lien in favor of the Metropolitan District, in the original

2

principal amount of $264.13; and

4. A judgement lien in favor of CNG with a current balance of $6,969.00.

The debtor, in his amended Schedule C of his petition, has claimed a $75,000 homestead exemption for his interest in the property, pursuant to Conn. Gen. Stat. §52-352b(t).

### III.

### DISCUSSION

#### A.

Neither the parties nor the court have located any Connecticut case law on the issue presented. Case law from other jurisdictions, applying the applicable exemption statutes, is somwhat divided, with the rulings, for the most part, favoring the debtor's position. Compare, e.g. In re Shell, 295 B.R. 129 (Bankr. D.Alaska 2003) (debtor-owner who resided in one unit and rented other 5 units was entitled to Alaska homestead exemption in entire 6-unit building); In re Carey, 282 B.R. 118 (Bankr. D.Mass. 2002) (debtor-owner who resided in one unit and rented other 2 units was entitled to Massachusetts homestead exemption in entire 3-unit building); In re Trigonis, 224 B.R. 152 (Bankr. D.Nev. 1998) (debtor-owners who resided in one unit and rented other 3 units were entitled to Nevada homestead exemption in entire 4-unit building); with, e.g. In re Aliotta, 86 B.R. 281 (Bankr. M.D.Fla. 1986) (debtor-owners who resided in one unit and rented other 3units of building were entitled to Florida homestead exemption only for the unit they used as a residence).

> Homestead laws vary from state to state and there is no consensus among all the states as to whether a homestead claim is lost if a portion of the premises is used for rental or other commercial purposes. Several bankruptcy courts addressing this issue have reached the conclusion that

> a debtor is entitled to a full homestead exemption in property with dual uses, so long as the debtor actually resides on the property. When a debtor has claimed a homestead exemption under state law, his entitlement to the exemption must be determined by examining the applicable state law, rather than relying upon decisions from other jurisdictions.

<u>In re Shell</u>, 295 B.R. 129, 131 (Bankr. D.Alaska 2003).

Conn. Gen. Stat. §52-352b(t), Connecticut's homestead exemption statute, inter alia, describes as exempt property of any natural person "[t]he homestead of the exemptioner to the value of seventy-five thousand dollars... provided value shall be determined as the fair market value of the real property less the amount of any statutory or consensual lien which encumbers it." Section 52-352a(e) defines "homestead" as "owner-occupied real property ... used as a primary residence." Conn. Gen. Stat. §52-352a(e).

> Thus, there are three requisites for real property to constitute an individual's statutory homestead. First, the individual must "own[ ]" the subject real property within the meaning of Section 52-352a as of the relevant time. FN8 Second, the individual must "occup[y]" the subject real property within the meaning of Section 52-352a as of the relevant time. Third, the subject real property must be "used as a primary residence" within the meaning of Section 52-352a as of the relevant time.

<u>In re Kujan</u>, 286 B.R. 216, 220 -221 (Bankr. D.Conn. 2002).

"When the language of the statute is clear and unmistakable, construction is prohibited and legislative intent is conclusively established by the statute's plain meaning." <u>In re Caraglior</u>, 251 B.R. 778, 782 (Bankr. D.Conn. 2000). <u>See also</u> <u>United States v. Ron Pair Enterprises, Inc.</u>, 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290, 299 (1989) ("the plain meaning of legislation should be conclusive, except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.") (citations omitted).

4

"In addition, in attempting to construe the Connecticut homestead exemption, we must bear in mind the firmly established canon of interpretation instructing that, in order to effectuate the purpose of exemptions, such laws are to be liberally construed in favor of the debtor." KLC, Inc. v. Trayner, 426 F.3d 172, 176 (2d Cir. 2005). Connecticut's homestead exemption statute does not require that a homestead be used exclusively as the debtor's residence, nor does it pro-rate the exemption if some portion of the property claimed as a homestead is utilized for other purposes. Had the legislature intended to impose further limitations on the uses of the property for additional purposes, it could have done so. Rather, it has broadly defined the nature of the homestead, but limited the amount that may be exempted to $75,000.[1]

The court concludes that the debtor is entitled to claim a homestead in his entire one-half interest in the property.

### B.

In accordance with §522(f)(2), CNG's judgment lien impairs the debtor's exemption to the extent that it exceeds (1) the debtor's one-half ownership interest in the fair market value of the property, reduced by the sum of the consensual mortgages and statutory liens; less (2) the debtor's claimed exemption of $75,000, calculated as follows:

---

[1] It is noteworthy that Florida, the leading source of case law pro-rating homestead exemptions to exclude rental units in the same building, imposes no dollar limit on the exemption..

5

| | | |
|---|---|---|
| Fair Market Value of the Property: | | $ 215,000.00 |
| - First Mortgage | - | $ 108,622.90 |
| - Second Mortgage | - | $  26,749.21 |
| - Statutory Water Lien[2] | - | $      264.13 |
| Total "Equity" in Property | | $  79,363.76 |
| Multiplied by Debtor's 50% | x | .50 |
| Debtor's "Equity" | | $  39,681.88 |
| - Exemption Claimed | | $  75,000.00 |
| Debtor's "Net Equity" (negative) | - | $  35,318.12 |

Because the above calculation results in a negative value, CNG's lien may be avoided in its entirety as to the debtor's one-half interest in the property.

IV.

## CONCLUSION

In accordance with the forgoing discussion, the court concludes that CNG's objection is overruled and the debtor's motion to avoid the fixing of CNG's judicial lien on his one-half interest in the property is granted. Judgment will so enter.

Dated at Hartford, Connecticut this 12 day of February, 2007.

_____
ROBERT L. KRECHEVSKY
UNITED STATES BANKRUPTCY JUDGE

---

[2] Pursuant to Conn. Gen. Stat. §7-239.

6